IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALTURO PASCO, | : |
| Plaintiff, | : |
| vs. | : 1:04-CV-97(WLS) |
| Sheriff JAMIL SABA, | : |
| Defendant. | : |

**ORDER**

Presently pending in this § 1983 action maintained by a pre-trial detainee is his third motion to amend his complaint, all of which were filed prior to the answer of the defendant. In the present motion plaintiff seeks to add Dougherty County Georgia as a defendant. Federal Rule of Civil Procedure 15(a) addresses amendments to pleadings and provides in pertinent part, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Inasmuch as this appears to be plaintiff third attempt to amend his original complaint he may not amend as a matter of course although the proposed amendment was filed prior to the filing of the defendant's answer. Further, since the record herein does not reflect written permission to amend from the adverse party, this amendment may occur only by leave of the court which must be freely given if justice so requires.

This complaint was initially filed by plaintiff on July 12, 2004, and this third attempt to

amend was not filed until five months later on December 13, 2004.  The plaintiff seeks to add Dougherty County Georgia as a defendant because, according to plaintiff, the county is the employer of the defendant Sheriff, made the policy regarding visitation privileges at the jail, and is responsible to the training of the defendant Sheriff.  Although amendments are to be freely given if justice so requires, there are circumstances that justify a denial of a motion to amend.  These are, "undue delay, bad faith, dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of the amendment, [and] futility of the amendment.  Foman v. Davis, 371 U.S. 378 (1962) cited in Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754 (11th Cir. 1995).

In considering whether or not justice requires the granting of this third motion to amend this complaint the court notes that since March 26, 2003, this plaintiff has caused to be filed no less that eight § 1983 complaints in this court alone, all against various staff members of the Dougherty County Jail or the defendant Sheriff.  Three of those complaints have been dismissed by the court for various reasons, leaving five cases presently pending.  If the undersigned has not miscounted plaintiff has attempted to amend his various complaints eighteen times.  Whatever the relationship between Dougherty County and its Sheriff may be, this relationship existed, and had to be known by the defendant at the time he filed this complaint.  This is so because the current case is the fifth case filed by the plaintiff and he named the defendant Sheriff as a defendant in three of his previously filed four cases.  In viewing all of plaintiff's complaints and the numerous attempts to amend them one is forced to conclude that plaintiff has become a frequent filer who seeks to file a new § 1983 action or amend an existing one whenever something dissatisfies him.  Under the circumstances as set out above, whether considered to be

undue delay, bad faith or dilatory motive on the part of the plaintiff, justice requires that his motion to amend his complaint be and the same is hereby **DENIED.**

SO ORDERED, this 1st day of September 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE