IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ARTURO PASCO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **1 : 04-CV-97 (WLS)** |
| JAMIL SABA, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Presently pending in this *pro se* prisoner § 1983 action are several motions filed by both plaintiff and defendant.

**1. Plaintiff's Motion for an Extension of Time to Complete Discovery (tab 19)**

Plaintiff requests an unspecified period of time in which to complete discovery, stating that he is in the process of conducting discovery in four other cases, and is further impeded by his placement in disciplinary segregation. The undersigned declines to grant plaintiff an open ended period of time in which to complete discovery other than as specifically outlined in the discussion of plaintiff's motions to compel below. Consequently, plaintiff's motion is DENIED.

*2. Plaintiff's Motion to Compel (tab 22)*

Plaintiff requests that the court compel defendant to file a complete answer to one of plaintiff's interrogatories.

In plaintiff's second request for interrogatories, he requests that the defendant identify the names, job titles, duty descriptions of anyone involved in determining the visitation policy at the

Dougherty County Jail, and to provide any documents relevant thereto. According to plaintiff, defendant responded that the policies of the jail speak for themselves. Plaintiff points out that this response does not provide him with the names of the parties responsible for determining the visitation policy.

Defendant's response to this motion to compel does not appear to differentiate between this motion to compel and plaintiff's subsequent motion to compel the production of documents, more fully explained below. However, they are different, and plaintiff has made the statement in this motion to compel that he has made a good faith effort to resolve this discovery dispute with defendant, thereby complying with the Rules of Civil Procedure and the Local Rules.

Consequently, plaintiff's motion to compel is **GRANTED as follows**: defendant shall serve upon plaintiff WITHIN TWENTY (20) DAYS of the date of this order the names, job titles, and duty description of those persons having the responsibility of determining the visitation policy at the Dougherty County Jail.

### 3. *Plaintiff's Motion to Compel (tab 23)*

Plaintiff contends that defendant has refused to respond to plaintiff's fourth request for the production of documents. Local Rule 34 limits requests for the production of documents to ten requests to each party except with written permission of the court first obtained. Defendant states that plaintiff exceeded the maximum number upon the filing of his third request for the production of documents. It does appear that plaintiff has exceeded the maximum number of requests; plaintiff did not file a request to exceed that limit prior to serving his third and fourth requests upon defendant. Consequently, plaintiff's motion to compel is **DENIED**.

### 4. *Defendant's Motion for Leave to File Motion for Summary Judgment (tab 31)*

Defendant has filed this motion for leave to file a motion for summary judgment.  This motion is **GRANTED** for good cause shown.

## 5. *Notice of the Filing of Defendant's Motion for Summary Judgment*

The plaintiff is hereby notified that a motion for summary judgment has been filed on behalf of defendant accompanied by a brief, affidavits, and other supporting materials.  The court is required to adequately advise the plaintiff of the significance of the defendant's Motion for Summary Judgment pursuant to <u>Griffith v. Wainwright</u>, 772 F.2d 822 (11th Cir. 1985).  Therefore, in an effort to afford the plaintiff, who is proceeding *pro se*, adequate notice and time to respond to the defendant's motion, the following notice is given.

Rule 56(c) of the Federal Rules of Civil Procedure, addressing motions for summary judgment, provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of the hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Under the procedures and policies of this court, motions for summary judgment are normally decided on briefs.  The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56.  The parties may submit their argument to this court by filing briefs in support of or briefs in opposition to said motions.

The law provides that the party against whom summary judgment is sought must be

given ten (10) days notice of the summary judgment rules.  In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion.  If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a FINAL judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can be granted only if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983).  While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot simply rely on the pleadings.  Rather, in order to establish that a genuine issue of material fact exists, he must respond by filing affidavits, depositions, or other materials to persuade the court that the case must be presented to a jury for resolution.  See Van T. Junkins & Assoc. v. U.S. Ind., Inc., 736 F.2d 656, 658 (11th Cir. 1984).

**FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO AND REBUT THE STATEMENTS SET FORTH IN THE DEFENDANT'S AFFIDAVITS AND/OR OTHER SWORN PLEADINGS MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS THE TRUTH.**  The court could grant judgment to the defendant and there would be no trial or further proceedings as to this defendant.

Accordingly, the plaintiff is **NOTIFIED AND DIRECTED** to file a response to the defendants' Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure **WITHIN SIXTY (60) DAYS** of the date of this order.   Plaintiff is directed to

Local Rule 7.4, which limits the length of any response to a motion to twenty pages, except upon good cause shown <u>and</u> leave given by the court.

**SO ORDERED**, this 2nd day of November, 2005.

<u>/S/ Richard L. Hodge</u>
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE